RENDERED: OCTOBER 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1125-DG

KRISTEN M. GILES[1]                                                    APPELLANT


v.                  ON DISCRETIONARY REVIEW FROM
                    JEFFERSON CIRCUIT COURT
                    HONORABLE MARY M. SHAW, JUDGE
                    ACTION NO. 19-XX-000006


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Kristen Giles appeals from the Jefferson Circuit Court's August

27, 2021, order affirming the district court's judgment of conviction and

sentencing. Finding no error, we affirm.

---

[1] Although referred to as Kristian, Krisin, or Kristen Giles throughout the record, appellant's legal name is Holyparadox Allah Apollyon. For consistency, however, we refer to appellant by the name used in the motion for discretionary review.

## FACTS AND PROCEDURAL BACKGROUND

Kristen Giles visited the Jefferson County Child Support Office with his two minor children, at which time two clients were being assisted by two workers at the window. One of the workers told Giles to take a ticket and a seat and he would be helped at the appropriate time. Giles soon became irritated and began waving his paperwork and shouting obscenities at the workers. He told one worker he would shoot her – and the police – in the "gut" and he would "blow the whole place down." The worker pressed the panic button, and a nearby deputy escorted Giles from the building. Based on the foregoing, police issued a warrant for Giles's arrest for third-degree terroristic threatening.

Giles was appointed a public defender. At the first pretrial conference, Giles requested he be appointed as his own co-counsel, and the trial court granted his request. At the next pretrial conference, Giles's co-counsel requested the trial court conduct a *Faretta*[2] hearing. The court stated there was no basis to conduct such a hearing at that time and set a trial date. At the following pretrial conference, Giles's co-counsel again requested a *Faretta* hearing, and the court agreed to hold one prior to the start of trial.

The day before trial was set to begin, Giles's co-counsel moved the court to evaluate Giles's competency, informing the court that Giles received

---

[2]  *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

Social Security Income (SSI) for mental illnesses; a judge in another case had previously ordered, *sua sponte*, that Giles's competency be evaluated; and Giles was fixated on conspiracy theories as opposed to the facts of his case. The court held that these assertions did not meet the criteria to find Giles legally incompetent.

The day trial was scheduled to begin, Giles's co-counsel moved the Chief Justice of the Supreme Court of Kentucky to recuse the trial judge. Because a properly filed motion of recusal to the Chief Justice divests the trial court of jurisdiction during its pendency, the trial was continued to begin after an order was entered. The following day, the Chief Justice entered an order denying the motion. Although ordered by the trial court to appear for trial, Giles was absent. The Commonwealth moved the trial court to continue the trial one day to give Giles's co-counsel opportunity to contact Giles and advise that he present for trial. The court agreed and entered a bench warrant for Giles's arrest.

Two days after the trial was originally scheduled to begin, Giles again failed to appear. Consequently, the court elected to proceed with trial *in absentia* over the objection of Giles's co-counsel. Because Giles was not present, no *Faretta* hearing was held. The jury ultimately found Giles guilty of third-degree terroristic threatening and recommended a $250 fine. The court accepted this recommendation but modified it to the extent that Giles could complete 40 hours of

community service in lieu of paying the fine. Giles appealed his judgment of conviction and sentence to the Jefferson Circuit Court. When the circuit court affirmed the trial court, Giles petitioned for, and was granted, discretionary review by this Court.

## STANDARD OF REVIEW

Our Court generally reviews, on a case-by-case basis, whether a trial court committed reversible error by not ensuring a defendant knowingly, intelligently, and voluntarily waived his/her right to counsel – whether in whole, as when proceeding entirely *pro se*, or in part, as when a request is made to act as co-counsel or only represent oneself in a limited manner. *Grady v. Commonwealth*, 325 S.W.3d 333, 341 (Ky. 2010).

"The standard of appellate review of a trial court's competency decision is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Woolfolk v. Commonwealth*, 339 S.W.3d 411, 423 (Ky. 2011), *as corrected* (Apr. 27, 2011) (internal quotation marks and citation omitted). "It is within the trial court's sound discretion to determine whether **reasonable grounds** exist to question competency, though once such grounds do exist, a competency hearing is mandatory." *Id*. (emphasis added) (internal quotation marks and citation omitted).

-4-

## ANALYSIS

On appeal, Giles first argues the trial court erred when it appointed him as co-counsel without conducting a *Faretta* hearing. This case presents a unique situation in that Giles was intentionally absent from his trial. Giles appeared in court at multiple hearings and pretrial conferences and was even in court the day prior to the trial's original start date. He was made aware on that day that the trial date had been delayed to the following day. The trial court delayed the trial's start another day to give Giles an additional opportunity to be present, but he still failed to appear. Giles attended post-trial hearings but offered no excuse for his absences.

The case herein bears similarity to *Swan v. Commonwealth*, 384 S.W.3d 77 (Ky. 2012), *as corrected* (Sep. 11, 2012), *as modified on denial of reh'g* (Dec. 20, 2012). In *Swan*, the defendant abandoned his request to proceed as co-counsel. *Id.* at 95. Here, Giles's purposeful absence from his trial is indicative that he had abandoned his request to proceed as co-counsel. This abandonment "removed the need to hold a *Faretta* hearing, since such a hearing is required only in the face of an active request to so proceed." *Id.* Accordingly, the trial court did not commit reversible error by not holding a *Faretta* hearing.

This case is also somewhat like *Matthews v. Commonwealth*, 168 S.W.3d 14 (Ky. 2005). In *Matthews*, the defendant "inquired how to be made co-

counsel and the trial judge told him to ask.  The defendant did and the trial judge granted the request, stating, 'it is as simple as that.'  No hearing was held on the issue."  *Id.* at 23.  Under the circumstances presented in *Matthews*, and also in the case herein, *Faretta* has no application.  *Id.*  Unlike the defendant in *Faretta*, neither Giles nor the defendant in *Matthews* participated as counsel at trial in front of a jury.  Their only participation upon being made co-counsel was to file *pro se* motions and, like other defendants, confer with their counsel.  Neither Giles nor the defendant in *Matthews* waived their right to counsel in any manner.  Thus, a *Faretta* hearing was not required in either circumstance.

Giles's second argument on appeal is that the trial court erred by failing to hold a competency hearing.  KRS[3] 504.100(1) provides, "If upon arraignment, or during any stage of the proceedings, the court has **reasonable grounds** to believe the defendant is incompetent to stand trial, the court shall appoint at least one (1) psychologist or psychiatrist to examine, treat and report on the defendant's mental condition."  (Emphasis added.)  Under KRS 504.060(4), "'Incompetency to stand trial' means, as a result of mental condition, lack of capacity to appreciate the nature and consequences of the proceedings against one or to participate rationally in one's own defense[.]"

---

[3]  Kentucky Revised Statutes.

Concerning whether a defendant is entitled to a competency hearing and whether the failure to conduct one constitutes reversible error, the Supreme Court has held:

> if only the statutory right to a hearing is at issue (when there is not substantial evidence of incompetency in the record), a retrospective hearing is not absolutely mandatory . . . because it can be waived . . . and would rarely be prejudicial error by itself in any event, RCr[4] 9.24, 10.26. What this means to the trial court, being subject to the statutory mandate, is that the hearing can be waived, or simply not done (in the court's discretion), when there is no constitutional requirement for a hearing (**when there is not substantial evidence of incompetency in the record**).

*Padgett v. Commonwealth*, 312 S.W.3d 336, 349 (Ky. 2010) (emphasis added).

Here, there was no evidence, much less substantial evidence, of Giles's incompetence. Although his co-counsel asserted Giles received SSI for his mental illnesses, no proof appears to have been proffered to the trial court. The court also reviewed the results of Giles's previous competency evaluation(s), finding Giles competent. Given the facts of this case, we cannot say "a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, **should** have experienced doubt with respect to competency to stand trial." *Woolfolk*, 339 S.W.3d at 423 (emphasis added).

---

4 Kentucky Rules of Criminal Procedure.

Consequently, we cannot say the trial court erred in not requiring Giles to submit to a competency evaluation in this case.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Christopher B. Thurman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jeanne Anderson
Special Assistant Attorney General
Louisville, Kentucky